UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:10CV-P100-M

TROY E. MARKS                                                                              PLAINTIFF

v.

KENTUCKY DEPARTMENT OF CORRECTIONS                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Troy E. Marks filed the instant *pro se* action alleging discrimination against homeless and disabled parolees by the Kentucky Department of Corrections. On August 6, 2010, the Clerk of Court issued a notice of deficiency to Plaintiff directing him to resubmit his complaint on the appropriate form, to prepare a summons to be served on Defendant, and to pay the $350.00 filing fee or to file an application to proceed without prepayment of fees within 30 days. Plaintiff did not respond to the deficiency notice. The Court then entered an Order on September 15, 2010, directing Plaintiff to resubmit his complaint on an appropriate form, submit a summons to be served on Defendant, and tender the $350.00 filing fee or file an application to proceed without prepayment of fees within 30 days. The Order stated that, "Plaintiff is warned that failure to comply with this Order within 30 days **will result in dismissal** of his claims." Plaintiff failed to comply with the Order.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se

litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4414.010